# EXHIBIT 2

# Relevant Parts of the Written Determination

## III. FINDINGS OF FACT SUPPORTING THE DETERMINATION

The hearing panel finds the following:

- The statements made by Mr. Doe to third parties where he accused Ms. Roe of raping him were not credible.
- Ms. Roe gave consistent statements regarding the events of The Night 2021, and were credible.
- The audio recordings made by Ms. Roe were not made under duress and the statements made by Mr. Doe on those recordings were credible.
- Mr. Doe gave conflicting accounts of the events on The Night, 2021. The statements made by Mr. Doe to Ms. Roe and other third parties contained in the report where he admitted that he lied about his version of the events on The Night, 2021, were credible.
- Mr. Doe admitted to being a rapist, acknowledged that Ms. Roe was high when he penetrated Ms. Roe's vagina with his fingers and penis on The Night 2021, and apologized for his conduct.
- Mr. Doe acknowledged that he witnessed Ms. Roe ingest THC with her dab pen prior to having sex, and Mr. Doe later admitted that Ms. Roe was high when Mr. Doe and Ms. Roe had sex.
- Ms. Roe was under the influence of THC on The Night, 2021.
- Ms. Roe was mentally and physically impaired and was in a state of intermittent consciousness when Mr. Doe penetrated Ms. Roe's vagina with his fingers and penis.
- Mr. Doe was not intoxicated or incapacitated on The Night, 2021, when he penetrated Ms. Roe's vagina with his fingers and penis..

## IV. CONCLUSIONS REGARDING THE APPLICATION OF TITLE SEXUAL HARASSMENT TO THE FACTS

The Hearing Panel finds that based on the information provided through both the investigative report and the hearing, the preponderance of the evidence supports the conclusion that Mr. Doe is **RESPONSIBLE**

EQUITY AND TITLE IX OFFICE

4400 MASSACHUSETTS AVENUE, NW    WASHINGTON, DC 20016    202-885-8080

equityoffice@american.edu

for violating the University's Title IX Sexual Harassment Policy by engaging in the prohibited conduct of sexual assault (rape).

## V. RATIONALE AND DETERMINATION OF RESPONSIBILITY

The University's Title IX Sexual Harassment Policy [2020-2021] provides the following relevant definitions, which are identical to the definitions found in the Title IX Sexual Harassment Policy effective August 14, 2020:

> **Sexual Assault** - As defined in 20 U.S.C. § 1092(f)(6)(A)(v), Sexual Assault constitutes any sexual act directed against another person, without consent of the person, including instances in which the person is incapable of giving consent.
>
> The following is a type of sexual assault:
>
>> **Rape**. As defined in the FBI's National Incident-Based Reporting System ("NIBRS"), Rape is the carnal knowledge of a person, without the consent of the person, including instances where the person is incapable of giving consent because of his/her age or because of his/her temporary or permanent mental or physical incapacity.

**Consent**. Consent is defined as words or conduct indicating a freely given agreement to have sexual intercourse or to participate in sexual activities. Silence or lack of resistance does not imply consent. Consent for one sexual act does not imply consent for any subsequent sexual act, and consent must be on-going. Sexual contact will be considered "without consent" if no clear consent, verbal or non-verbal, is given; if inflicted through force, threat of force, or coercion; or if inflicted upon a person who is unconscious or who otherwise reasonably appears to be without the mental or physical capacity to consent.

> (3) Incapacitation. Incapacitation is defined as a temporary or permanent state in which an individual is unable to give consent to sexual contact due to mental, developmental, or physical impairment, to include incapacitation, voluntarily or involuntarily, from alcohol or drug use. States of incapacitation include, but are not limited to: sleep, unconsciousness, intermittent consciousness, or any other state in which an individual is unaware that sexual contact is occurring. Where alcohol or drug use is involved, incapacitation is a state beyond mere intoxication, or impairment of judgment.

The panel found by a preponderance of the evidence that ▮Ms. Roe▮ was incapacitated and therefore unable to consent to sex on ▮The Night▮, 2021 when ▮Ms. Roe▮ and ▮Mr. Doe▮ had sex. ▮Ms. Roe▮ ingested THC before ▮Ms. Roe▮ and ▮Mr. Doe▮ had sex and at the time of sexual contact ▮Ms. Roe▮ was mentally and physically impaired and was in a state of intermittent consciousness as a result of ingesting THC. When ▮Mr. Doe▮ penetrated ▮Ms. Roe▮'s vagina with his penis she was incapacitated and was not able to consent to sex. Therefore, based on all the facts of circumstances and by a preponderance of the evidence, ▮Mr. Doe▮'s conduct constitutes Sexual Assault (Rape) in violation of the University's Title IX Sexual Harassment Policy.