# EXHIBIT 17

# Tranche 2 of Emails with Then-Title IX Coordinator Ms. Leslie Annexstein

 Gmail

Mr. Doe  Mr. Doe's Email

---

## Fw: Access to Box folder for my advisor

**Chris Muha** <Cmuha@kaiserdillon.com>      Mon, Nov 27, 2023 at 4:56 PM
To: "Mr. Doe's Email" Mr. Doe's Email
Cc: Justin Dillon <jdillon@kaiserdillon.com>

---

**From:** Equity Office <equityoffice@american.edu>
**Date:** Monday, November 27, 2023 at 4:15 PM
**To:** Chris Muha <Cmuha@kaiserdillon.com>
**Subject:** RE: Access to Box folder for my advisor

> **[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know that the content is safe.

Good Afternoon Chris –

Thank you for your inquiry.

First, I want to let you know that the Office of Equity and Title IX does not have a FERPA waiver from the student.

Second, I believe confusion has arisen based on a change of advisors, which is an atypical situation following the live hearing.  This office will communicate directly with the student regarding his access to the investigative report. The student is familiar with how this access is provided to him, however, he can contact the Office of Equity and Title IX if he has any questions.

Best,

Leslie T. Annexstein

Assistant Vice President for Equity and Title IX Coordinator

American University

3201 New Mexico Avenue, NW

Washington, DC  20016

Tel. #: 202-885-8080

Case 1:25-cv-03866-ACR     Document 17-23     Filed 04/13/26     Page 3 of 6

Office email: equityoffice@american.edu

Website: https://www.american.edu/equity-titleix/

Direct email: annexstein@american.edu

---

**From:** Chris Muha <Cmuha@kaiserdillon.com>
**Sent:** Tuesday, November 21, 2023 10:48 AM
**To:** Equity Office <equityoffice@american.edu>
**Cc:** VPGC <VPGC@american.edu>; Mr. Doe <Mr. Doe's Email>; Justin Dillon <jdillon@kaiserdillon.com>
**Subject:** FW: Access to Box folder for my advisor

Ms. Annexstein,

Hi, I am just following up on Mr. Doe's request to view the investigation report before he submits his sanctioning statement, and I am looping in the General Counsel's office because we seem to have reached an impasse.  (Ms. Byrd, we used to deal with Justin Perillo on these issues but I understand that he's not there anymore—just let me know if there's someone else in your office we should raise this with.)  The 2020 Title IX regulations require schools to share the evidence with the parties during the pendency of the case, and in almost a decade of doing these cases, I have never heard of a school—including American—suddenly withdrawing that right in the middle of the process. I genuinely don't understand what is going on and can't think of any reason that someone would make this the rule.  Beyond even the regulations, I think there are serious equity issues—most respondents are male, so a policy that rescinds access to the evidence between the hearing and sanctioning is necessarily going to affect men more than women.

If I am missing something, please let me know. But I truly have no idea where this is coming from, it's clearly illegal, and it is also just terribly unfair to your students.  Mr. Doe has a right to see the evidence against him, and that right continues until the case is over—at which point it shifts to more of a FERPA right.  Given the time sensitivity here, I would be grateful if you could get back to me as soon as possible.

Thank you,

Chris Muha

---

**From:** Mr. Doe <Mr. Doe's Email>

**Date:** Monday, November 20, 2023 at 11:31 PM
**To:** Chris Muha <Cmuha@kaiserdillon.com>
**Subject:** Fw: Access to Box folder for my advisor

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know that the content is safe.

**From:** Equity Office <equityoffice@american.edu>
**Sent:** Monday, November 20, 2023 10:20 AM
**To:** Mr. Doe  <Mr. Doe's Email >
**Subject:** RE: Access to Box folder for my advisor

Good Morning Mr. Doe –

The full decision of the university is not complete until the sanctions are issued – this is part of the determination under Title IX. Per the policy, you may submit a statement to the sanctioning panel or be present on the date and time of the sanctioning panel to present your statement.  As you have already been informed, the sanctioning panel will meet on December 1, 2023 at noon.  You will need to communicate whether you are providing a written statement for transmission to the panel or whether you will appear in person.  If you plan to appear in person to provide your statement orally and have your advisor join you, all forms will need to be completed by you and your advisor in advance. As a reminder, advisors have no speaking or other role outside of the live hearing that has already occurred, where the speaking role is limited to posing cross-examination questions.  If you choose to present your statement in person rather than submit a written statement, your new advisor may accompany you but may not engage with the panel in any way, or interrupt to provide advice to you.

Pursuant to the policy, the sanctioning panel will submit its recommendation to the Dean of Students or designee for consideration and it is that individual who determines the sanctions that will be issued. Following the issuance of the sanctions as determined by the Dean of Students or designee, you will have the opportunity to appeal the finding and the sanctions and may review documents at that point to prepare your appeal. No documents will be provided to either party for review until the appeal period begins, assuming that there is a party that wishes to appeal and requests the information to review.

Best,

Leslie T. Annexstein

Assistant Vice President for Equity and Title IX Coordinator

American University

3201 New Mexico Avenue, NW

Washington, DC  20016

Tel. #: 202-885-8080

Office email: equityoffice@american.edu

Website: https://www.american.edu/equity-titleix/

---

**From:** Mr. Doe   <Mr. Doe's Email      >
**Sent:** Friday, November 17, 2023 7:11 PM
**To:** Equity Office <equityoffice@american.edu>
**Cc:** Cmuha@kaiserdillon.com
**Subject:** Re: Access to Box folder for my advisor

Ms. Annexstein,

Thank you for your response, but without access to the case documents I can't meaningfully get ready to deliver a sanctioning statement to the panel or to submit one in writing. The Policy says that the factors the panel is supposed to consider include "the nature of the conduct at issue," "the impact of the conduct on the Complainant" (p. 23). Under the Policy, those are the things I have to be able to address for the panel. To do that I need access to the evidence from the investigation and hearing, because that's what shows the nature of the conduct as she specifically described it and the impact that she and others said it had on her. Without access to the actual evidence and testimony, I can't meaningfully argue about what the appropriate sanction would be.

The panel's job under the Policy is to choose a sanction that is appropriate to the specific conduct and the specific impact on her. That's why one of the bases of an appeal is "excessive sanctions" (p. 24). Without access to the case documents I can't show the panel why, based on the evidence, a specific sanction would be excessive or appropriate in my particular case.

The Policy also gives me a right to have my advisor's help preparing for this statement. It says parties get advisors "during any meeting or proceeding related to the Formal Complaint" (p. 15). Just as I was allowed to have an advisor review case documents to help me prepare for the hearing, and then to advise me there, I am allowed to have an advisor help me prepare for the statement I will deliver to the sanctioning panel and to advise me there.

It will not harm anyone, or delay the process in any way, to give both parties access to the case documents as they prepare for the sanctioning panel. It doesn't affect the process in any way. It's just giving us access to the evidence in our very own case. Evidence which is necessary to explain the very factors that the panel has to consider in reaching their sanction decision. I would respectfully ask you to please reconsider this decision and to give both parties access to the case evidence as we prepare our sanctioning statements.

Sincerely,



[Quoted text hidden]

