**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

    *Plaintiff,*

   v.

AMERICAN UNIVERSITY,

    *Defendant.*

Civil Action No. 25-cv-03866-ACR

**DEFENDANT AMERICAN UNIVERSITY'S CONSENT MOTION TO REDACT
EXHIBITS**

Pursuant to Local Civil Rule 5.1(h), Defendant American University (the "University"), by and through undersigned counsel, hereby submits this Consent Motion to Redact Exhibits.  In support of this Motion, the University states as follows:

1.  On November 5, 2025, Plaintiff John Doe ("Plaintiff") initiated the above-captioned case.  (ECF No. 1.)

2.  That same day, Plaintiff filed a Motion to Proceed Under a Pseudonym.  (ECF No. 2.)

3.  On March 4, 2026, Plaintiff filed a Motion to Seal Case.  (ECF No. 5.)

4.  On March 29, 2026, Plaintiff filed a Motion for Preliminary Injunction.  (ECF No. 9.)

5.  Then, on March 31, 2026, pursuant to Local Civil Rule 40.7(f), Chief Judge Boasberg issued a Memorandum Opinion and Order resolving Plaintiff's pseudonym and sealing motions.  (ECF No. 10.)  Chief Judge Boasberg determined that Plaintiff's redacted Complaint could remain on the public Docket.  (*Id.* at 12.)  Chief Judge Boasberg also instructed that the Parties should adhere to the pseudonyms and naming conventions utilized by Plaintiff in his

Complaint.  (*Id.*)  However, Chief Judge Boasberg declined to resolve some of Plaintiff's sealing requests, instead letting the presiding judge address those requests as part of their case management responsibilities.  (*Id.* at 11.)

6.      On April 3, 2026, this case was assigned to the Honorable Ana C. Reyes.

7.      On April 13, 2026, Plaintiff filed a Motion for Leave to File an Amended Motion for Preliminary Injunction.  (ECF No. 17.)

8.      The Court subsequently granted Plaintiff's Motion for Leave, and docketed Plaintiff's Amended Motion for Preliminary Injunction, and the updated exhibits.  (ECF Nos. 18-1 – 18-18.)

9.      The University's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction is due on April 28, 2026.

10.      The University intends to file ten (10) exhibits in support of its opposition to Plaintiff's Motion for Preliminary Injunction.  Nearly all the exhibits contain identifying details of the University's Title IX investigation into Plaintiff.  The exhibits feature Plaintiff's name and identifying information, as well as the legal name of his accuser, Jane Roe ("Roe").  The names of students who participated in the investigation as witnesses are also included therein.

11.      Those exhibits are: (A) the Final Title IX Investigative Report; (B) the University's Title IX Sexual Harassment Policy; (C) the Hearing Panel's Written Determination in *Roe v. Doe*; (D) the Hearing Panel's Written Determination in *Doe v. Roe*; (E) the Sanctions Outcome Letter in *Roe v. Doe*; (F) Plaintiff's Appeal of the Title IX Outcome and Sanctions; (G) the University's Appeal Decision in Plaintiff's Title IX Case; (H) Plaintiff's Student Conduct Referral; (I) Leslie Annexstein's Correspondence with Plaintiff; and (J) Plaintiff's Transcript.

12.     The University does not wish to seal any of the exhibits.  The University merely seeks to redact the legal names of Plaintiff, Roe, and any student witnesses from all the exhibits attached to its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction.

13.     "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings."  *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (citing *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  However, while "[a] court's decrees, its judgments, its orders, are the quintessential business of the public's institutions," it is a well-accepted axiom that "[o]ther portions of the record—such as documents filed with the court or introduced into evidence—often have a private character, diluting their role as public business." *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409.

14.     As such, the District of Columbia Circuit has articulated six factors for courts to consider when determining whether to restrict public access to judicial records.[1]  Those factors are as follows: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents

---

[1]     The University acknowledges that the *Hubbard* Factors are generally utilized in the sealing context, and do not directly pertain to redactions.  However, because redactions implicate the same concerns regarding public access to judicial records, courts utilize the *Hubbard* Factors in determining whether redactions are appropriate as well.  *See, e.g.*, *Doe v. American University*, No. 25-cv-03866, 2026 WL 872931 (D.D.C. Mar. 31, 2026) (Chief Judge Boasberg's opinion citing *Hubbard* and analyzing Plaintiff's redaction request).

were introduced during the judicial proceedings." *Id.* (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980) (hereinafter the "*Hubbard* Factors")).

15.     The first *Hubbard* Factor looks at "the need for public access to the documents at issue."  *Hubbard*, 650 F.2d at 317.  Here, there is no need for public access to the names of Title IX complainants and witnesses.  *See Borkowski v. Baltimore Cnty., Maryland*, 492 F. Supp. 3d 454, 494 (D. Md. 2020) (granting motion to seal Title IX "Final Investigative Report" which contains "sensitive" and "graphic" details of sexual assault).

16.     Next, the Court is tasked with looking at "the extent of previous public access to the documents." *Hubbard*, 650 F.2d at 318.  The public never had prior access to Exhibits A, C, D, E, F, G, H, I and J.

17.     *Hubbard* Factor three analyzes "the fact that someone has objected to disclosure, and the identity of that person." *See Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409.  The University objects to the disclosure of the names and identities of Title IX complainants, cross-complainants, respondents, and witnesses.  As an educational institution responsible for complying with Title IX, the University has a significant interest in protecting the privacy interests of its current and former students to avoid a chilling effect on the reporting of campus sexual assault in the future.

18.     Further, the fourth *Hubbard* Factor examines the strength of asserted property and privacy interests.  The asserted privacy interests are significant.  Exhibits A, C, D, E, F, G, H, I and J detail allegations of rape and sexual assault.  These details are graphic and reflect intensely personal and traumatic experiences for the parties involved.

19.     *Hubbard* Factor five looks at "the possibility of prejudice" to those opposing disclosure. *Hubbard*, 650 F.2d at 320-21.  More specifically, "[t]he fifth *Hubbard* factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking

the seal." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). Here, Plaintiff does not oppose redactions. In fact, Plaintiff himself sought redactions and sealing measures at the outset of this case. *See* (ECF Nos. 2, 5). Plaintiff also consents to the relief sought herein. *See* ¶ 22 *infra*.

20. The sixth and final *Hubbard* Factor "concerns the purposes for which the documents were introduced." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 61 (D.D.C. 2009). "The interest in disclosure is especially strong for documents relevant to the central claims of the litigation." *Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (citation omitted). All the proposed exhibits are central to Plaintiff's claims against the University.

21. In summary, the first five *Hubbard* factors favor permitting redactions to Exhibits A, C, D, E, F, G, H, I and J. Only the sixth *Hubbard* factor weighs in favor of disclosure. As such, Defendant submits that the Court should permit the redactions of all personal identifiers in Exhibits A, C, D, E, F, G, H, I and J.

22. Pursuant to Local Rule 7(m), undersigned counsel conferred with Plaintiff. Plaintiff consents to the relief sought herein.

For the reasons outlined above, the University respectfully requests that the Court issue an Order permitting the University to redact Exhibits A, C, D, E, F, G, H, I and J to be attached to its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction.

Dated: April 27, 2026                            Respectfully submitted

/s/*James A. Keller*
James A. Keller (*Admitted Pro Hac Vice*)
Saul Ewing LLP
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
Tel: (215) 972-7777
james.keller@saul.com


Timothy D. Intelisano (D.C. Bar. No. 90033254)
Saul Ewing LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6615
timothy.intelisano@saul.com

*Attorneys for Defendant American University*

6

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of April 2026, I have electronically filed the foregoing **DEFENDANT AMERICAN UNIVERSITY'S CONSENT MOTION TO REDACT EXHIBITS, AND A PROPOSED ORDER** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all parties registered to receive CM/ECF notifications.

I further certify that *Pro Se* Plaintiff John Doe received a copy of the foregoing via e-mail.


Dated: April 27, 2026                    */s/James A. Keller*
                                          James A. Keller

                                          *Defendant American University*

7