# EXHIBIT A

**SAUL EWING**
LLP

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

May 4, 2026

**Via the Court's Electronic Filing System and to Plaintiff John Doe via First Class Mail**

The Honorable Ana C. Reyes
United States District Court for the District of Columbia

      RE:    *John Doe v. American University,* 1:25-cv-03866-ACR
             American University's Request for Pre-Motion Conference

Dear Judge Reyes:

Undersigned counsel represents Defendant American University (the "University") in the above-captioned case. Pursuant to Rule 7(f) of the Court's Standing Order in Civil Cases, the University hereby submits this Request for Pre-Motion Conference. The University respectfully requests permission to file a Motion to Dismiss Plaintiff John Doe ("Plaintiff")'s Complaint (ECF No. 1), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint asserts the following claims against the University: (1) Breach of Contract based on supposed procedural deviations from the University's Title IX Sexual Harassment Policy (the "Policy"); (2) Breach of Contract premised upon a violation of the Student Conduct Code (the "Code"); (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Discrimination based on an Erroneous Outcome, pursuant to Title IX; (5) Discrimination pursuant to the District of Columbia Human Rights Act ("DCHRA"); and (6) Negligence. Each of these claims should be dismissed, for the reasons outlined herein.

Count I alleges Breach of Contract based on deviations from the procedural guidelines set forth in the Policy. To plausibly allege breach of contract under District of Columbia law, a

1735 Market Street ◆ Suite 3400 ◆ Philadelphia, PA 19103-7504
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA  DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

plaintiff must plead: "'(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach.'" *Goddard v. City Univ. of Seattle*, No. 25-cv-1881, 2026 WL 632484, at *2 (D.D.C. Mar. 6, 2026) (citing *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)).

In Count I of his Complaint, Plaintiff cites six (6) theories of breach. Specifically, Plaintiff alleges that: (1) he did not receive an "equitable" opportunity to review evidence; (2) the University Investigator, failed to "conduct a prompt, thorough, fair and impartial investigation;" (3) he did not receive an equal opportunity to present evidence; (4) the University Investigator did not meet with some of his supporting witnesses; (5) the Hearing Panel "was biased;" and (6) the University did not make the evidence and written materials available to him during the appellate phase of the Title IX proceedings. Compl. ¶¶ 114-31.

None of these theories have merit. Plaintiff's first theory of breach relies upon vague Policy language which is unenforceable. *See, e.g.*, *Atl. Inv. Mgmt., LLC v. Beacon Rock Cap., LLC*, No. 4-cv-1759, 2006 WL 8431619, at *6 (N.D. Ga. Jan. 13, 2006); *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 98-99 (S.D.N.Y. 2015). Plaintiff's second and fifth theories are premised upon aspirational Policy language promising fairness, which courts regularly find to be unenforceable as well. *See Doe v. DiStefano*, No. 18-cv-1462, 2019 WL 1254943, *3 (explaining that "general commitments to fairness and other ethical aspirations are generally too vague to be legally enforceable"). Plaintiff's third and fourth theories are based on Policy language which explicitly affords University officials discretion in conducting the Title IX investigation and hearing process. And Plaintiff's sixth theory of breach is facially deficient, as he concedes that the University afforded him access to evidence during the appellate period. Count I should be dismissed outright.

Count II of Plaintiff's Complaint asserts a violation of the Student Conduct Code. However, in Plaintiff's own telling, the Office of Student Accountability and Restorative Practices ("OSARP")'s investigation is ongoing. Compl. ¶¶ 107, 139. Therefore, the Court lacks Subject Matter Jurisdiction over this claim, as it is not yet ripe. *Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007). Even if ripe, Count II does not identify any breach or attendant damages. Therefore, this claim is likewise deficient.

Count III asserts that the University violated the implied covenant of good faith and fair dealing inherent to its contractual relationship with Plaintiff, as outlined in the Policy and Code. However, "breach of the implied covenant is not an independent cause of action when the allegations are identical to other claims for relief under [an] established cause of action." Wa*shington Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*, No. 04-cv-00687, 2006 WL 1147933, at *5. This claim is duplicative of Counts I and II and should be dismissed.

Count IV asserts Title IX discrimination based on an Erroneous Outcome theory of liability. To plausibly allege Erroneous Outcome, plaintiffs must state (1) "particular facts sufficient to cast some articulable doubt on the outcome of the disciplinary proceeding;" and (2) "circumstances showing that gender bias was a motivating factor behind the erroneous finding." *Doe v. George Washington Univ.*, 366 F. Supp. 3d 1, 11 (D.D.C. 2018) (citations omitted). However, in his Complaint, Plaintiff does not allege any facts evidencing that gender bias motivated the Hearing Panel's conclusion that he violated the Policy. Because "[a]llegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a

motion to dismiss," this Count is not likely to survive the pleading stage. *Robinson v. Howard Univ., Inc.,* 335 F. Supp. 3d 13, 27 (D.D.C. 2018).[1]

In Count V, Plaintiff maintains that the University violated the DCHRA when it removed him from on-campus housing at Duber Hall. Compl. ¶¶ 182-84. However, this claim is deficient for two reasons. First, Plaintiff's removal from on-campus housing and ban from campus is not covered by the DCHRA. D.C. Code Ann. § 2-1401.02(30). Second, Plaintiff concedes that he was not removed from campus housing based on his sex, but rather the finding that he violated the University's Title IX Policy. Compl. ¶¶ 183-84. Plaintiff has failed to plead a DCHRA discrimination claim.

Count VI alleges negligence pursuant to District of Columbia law. This claim should be dismissed because "[a] negligence claim based solely on a breach of the duty to fulfill one's obligations under a contract, however, is duplicative and unsustainable." *Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 55 (D.D.C. 2012). Plaintiff's negligence claim is not an independent tort, as the allegations in his Complaint mirror those raised in his Breach of Contract claims discussed *supra*. It follows that Count VI should be dismissed.

The University respectfully submits that, for the foregoing reasons, Plaintiff's Complaint should be dismissed, with prejudice. The University requests the opportunity to fully brief and argue its motion in due course. If Your Honor has any questions or needs additional information, please do not hesitate to let us know.

Respectfully,

*/s/ James A. Keller*

James A. Keller

---

[1]    Count IV includes a subpart alleging Retaliation pursuant to Title IX. The University plans to argue that Plaintiff did not engage in protected activity, and, therefore, this claim is insufficient as a matter of law.