John Doe
Address Withheld
Phone Number Withheld
Email Withheld
Plaintiff Pro Se

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

| | |
|---|---|
| John Doe,<br><br>            Plaintiff,<br><br>vs.<br><br>American University,<br><br>            Defendant | Case No.: 1:25-cv-03866-ACR<br><br><br>NOTICE TO THE COURT OF RESPONSE TO DEFENDANT'S PRE-MOTION TO DISMISS LETTER |

Defendant Address
4400 Massachusetts Ave NW
Washington, D.C. 20016

Pursuant to Local Rule 5.1(a) and the Court's Standing Order in Civil Cases Rule 7(f), Plaintiff is responding to Defendant American University's Request for a Pre-Motion Conference.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 11, 2026.

*John Doe*
John Doe, Plaintiff Pro Per

RECEIVED

MAY 1 1 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Certificate of Service**

I hereby certify that on May 11, 2026, a copy of this Reply to Defendant's Pre-Motion Letter and Exhibit 1 was served by email upon the following counsel who have been retained to represent American University in this matter:

James A. Keller

1735 Market Street, 36th Floor

Philadelphia, PA 19103

James.keller@saul.com

Timothy Intelisano

1919 Pennsylvania Ave., NW, Suite 550

Washington, DC 20006

Timothy.intelisano@saul.com

*John Doe*
/John Doe, Plaintiff Pro Per

# EXHIBIT 1

May 11, 2026

The Honorable Ana C. Reyes
United States District Court for the District of Columbia

RE:    John Doe v. American University, 1:25-cv-03866-ACR
       Response to American University's Request for a Pre-Motion Conference

Dear Judge Reyes,

On May 4, 2026, Plaintiff received Defendant's corrected letter, by email, requesting a Pre-Motion Conference prior to filing a Motion to Dismiss Plaintiff's claims. For the following reasons, Defendant is unlikely to succeed in their motion.

Count 1 of Plaintiff's claims concern a breach of contract regarding the University's Title IX Sexual Harassment Policy ("the Policy") that was in effect during the underlying Title IX formal complaint process. Defendant contends counts 1.1, 1.2, and 1.5, regarding equitable access to evidence, impartial and thorough investigations, and Hearing Panel impartiality, respectively, are all unenforceable due to their vagueness. Defendant cites, among other cases, Doe v. DiStefano, No. 18-cv-1462, (D. Colo. Mar 19, 2019) ECF No. 30, which states that "general commitments to fairness and other ethical aspirations are generally too vague to be legally enforceable." Id at 7. In the University's Policy, these commitments are all mandatory and they are "intended to be consistent with the University's compliance obligations under the Title IX regulations issued by the U.S. Department of Education." The Policy at 1. Those regulations, and other Policy provisions, make the commitments specific and therefore enforceable, such as, "equal opportunity to inspect and review any evidence," "gathering evidence sufficient to reach a determination," and "objective evaluation of all relevant evidence," apply to those claims respectively, establishing that the provisions were specific enough to be breached. 34 C.F.R. §106.45. Count 1.3 gives the University discretion on establishing

relevancy of facts, but relevancy has already been established in the written determination. Count 1.4 does not allow for discretion, reading that "[t]he Investigator **will** notify and seek to meet separately with…any third-party witness." The Policy at 16, emphasis added. Count 1.6 requires evidence be available to appealing parties. The University is claiming that providing access on the last day is sufficient, but the contract affords no such discretionary provisions.

Count 2 of Plaintiff's claim is that the University brought conduct charges too late. The University seeks to dismiss this citing lack of jurisdiction by saying that the investigation is ongoing and that no damages have been identified. Simply bringing the charges has made Plaintiff no longer eligible to re-enroll at the University and unable to enroll at other institutions which require him to be in good standing with the University.[1] As such, it is ripe for consideration.

Count 3 is plead under Fed. R. Civ. P. 8(d). The Policy is clearly focused on complying with federal regulations. Should the breach of contract provisions be considered unenforceable on their own, they certainly implied a standard of conduct, including that parties would be treated equally, evidence would be considered objectively, and that the outcome would not be physically impossible. Should all of Plaintiff's claims of Counts 1 and 2 be sustained, Plaintiff would not be opposed to dismissing it without prejudice, but at this stage, Plaintiff will still defend them on their own merits, independently of each other.

---

[1] With the recent, evolving understanding of the admission requirements at the university that Plaintiff intended to transfer to, this claim is still ripe as harm has already materialized in exclusion from American University since it was brought after Plaintiff and the University separated.

Count 4.1 and 4.2 both follow the erroneous outcome theory, broadly put, "do the…facts…raise a plausible inference that the university discriminated against John 'on the basis of sex"? Doe v. Purdue Univ., 928 F. 3d 657, 667-668 (7th Cir. 2019). The University primarily contests the strength of evidence showing the plausibility of sex bias. Plaintiff has shown concerted public pressure at times close to investigative and decision-making events, University cognizance of that pressure, financial incentives to discriminate, a pattern of one-sided Policy deviations in favor of the female complainant-respondent, and statements from the Hearing Panel indicating partiality and prejudgment. The combination of those claims provides more than a plausible inference of sex bias against Plaintiff.

While not fully addressed in Defendant's letter, Plaintiff's Title IX retaliation claim is also plausible as Plaintiff demonstrated (1) protected activities through filing a complaint and participating in the Title IX process, (2) adverse actions in denial of rights prescribed under the Policy and denial of supportive measures, and (3) a temporal proximity to the denial of supportive measures and certain deviations, along with a pretextual explanation during the deviation from Policy that affected his Doe-Roe appeal.

The University seeks to dismiss Count 5, D.C. Human Rights Act ("DCHRA") discrimination in his removal from campus housing. The University contends that it was a Policy violation that caused it, not discrimination. However, this is a pretextual matter, which is usually reserved for the trier of fact. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). The University claims an exemption in this matter from the DCHRA. The cited statement does not provide an exemption for educational institutions which rent out accommodations to students. See D.C. Code §2-1401.02(30).

On the sixth count, the University seeks to dismiss the negligence claims as dependent. The claims are independent of the contract as the harm was foreseeable, the University voluntarily undertook the Title IX adjudication process, and the University's role in disciplinary proceedings causes a special duty to its student subjects. By not proceeding with care, the University's employees caused an erroneous outcome.

Finally, the University seeks to dismiss the complaint with prejudice, for no obvious reason. In the D.C. circuit, "The standard for dismissing a complaint with prejudice is high: 'dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Belizan PC v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006); quoting Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The three contract claims have numerous overlapping provisions which Plaintiff could cite in the alternate, should the claims be dismissed. The discrimination claims are fact-intensive and would be inappropriate to dismiss with prejudice since unpled facts could satisfy the outcome. Finally, the University's opposition to the negligence claims is based on the belief that Plaintiff has not substantially differentiated them enough from the contract. An amendment could logically help differentiate them further to satisfy the requirements. Furthermore, Plaintiff is Pro Se and should the claims fail, an attorney could help him better refine these claims.

Given the foregoing reasons, Plaintiff respectfully submits that his claims should be allowed to move past the pleading stage or, at a minimum, that he be granted leave to amend.

Respectfully,

*John Doe*

John Doe