**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN DOE,<br><br>           *Plaintiff,*<br>     v.<br><br>AMERICAN UNIVERSITY,<br><br>           *Defendant.* | Civil Action No. 25-cv-03866-ACR |

**DEFENDANT AMERICAN UNIVERSITY'S NOTICE OF INTENT TO FILE A**
**MOTION TO DISMISS AND REQUEST FOR PRE-MOTION CONFERENCE**

Pursuant to Rule 7(f) of the Court's <u>Standing Order in Civil Cases</u>, Defendant American University (the "University") hereby files this Notice of Intent to a File Motion to Dismiss and Request for Pre-Motion Conference (the "Notice").

1. Plaintiff John Doe's Amended Complaint (ECF No. 35) pleads four claims against the University: (1) Violation of Title IX of the Education Amendments of 1972 ("Title IX"); (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Violation of the District of Columbia Human Rights Act ("DCHRA").

2. As to Count One, Plaintiff appears to raise a deliberate indifference theory of liability based on "sexual harassment," which, as pled, relates to a single incident on campus where his former roommate screamed at him.  Amend. Compl. ¶ 67.

3. To plausibly allege deliberate indifference, Plaintiff must plead as follows: (1) that "the sexual harassment complained of must be so severe, pervasive, and objectively offensive that the victim-students are effectively denied equal access to an institution's resources and opportunities;" (2) "an official with authority to address the harassment must have actual knowledge of that harassment;" (3) "the recipient must have substantial control over both the harasser and the context in which the known harassment occurs;" (4) "the recipient's response or failure to respond must amount to deliberate indifference to known acts of harassment;" and (5)

the "deliberate indifference must subject its students to harassment." *Doe v. Columbia*, 151 F.4th 435, 446 (D.C. Cir. 2025) (citation modified).

4.      Plaintiff has plainly not pled the first, third, fourth, or fifth elements of a prima facie deliberate indifference case. As to the first element, Plaintiff has not alleged that he endured severe or pervasive sexual harassment, because even if that encounter was based on Plaintiff's sex, as opposed to his alleged behavior, "isolated incidents are unlikely to create the systemic effect necessary to trigger liability." *Raihan v. George Washington Univ.*, 324 F. Supp. 3d 102, 112 (D.D.C. 2018) (citation modified); *see also* Amend. Compl. ¶¶ 49, 67. Plaintiff likewise does not claim that, because of this incident with his former roommate, he was denied "equal access" to University resources or opportunities. *Doe* 151 F.4th at 446.[1]

5.      Plaintiff's selective enforcement theory is also meritless. "To state a selective-enforcement claim, a plaintiff must plausibly allege that regardless of his guilt or innocence, his gender was a but-for cause of the severity of the sanctions or of the decision to initiate the challenged disciplinary proceeding in the first place." *Kashdan v. George Mason Univ.*, 70 F.4th 694, 701 (4th Cir. 2023). Plaintiff fails to plausibly allege that he was punished more harshly because he is a man, nor does he plead that the University's decision to investigate him for a Title IX violation was based on his sex. *See id.* Plaintiff also does not adequately plead that the University failed to sufficiently probe Jane Roe's account of the sexual assault. To prevail on a selective enforcement theory, Plaintiff must show that "a similarly-situated member of the opposite sex was treated more favorably than the plaintiff due to his or her gender." *Doe v. Oberlin Coll.*,

---

[1]      Plaintiff also claims that Roe and Student J, Roe's roommate, somehow sexually harassed **him** by speaking out against sexual violence in campus forums and student publications. Amend. Compl. ¶¶ 32-36, 39. This allegation is meritless. Roe and Student J spoke out on a matter of public concern, in public fora, and Plaintiff does not allege that they ever mentioned him by name. *See Schmidt v. Siedel*, 717 F. Supp. 3d 1147, 1154-58 (D. Wyo. 2023).

60 F.4th 345, 356 (6th Cir. 2023).  Plaintiff concedes, though, that he and Roe were not similarly situated: Roe was intoxicated on the night of the sexual assault, while Plaintiff was not.  Amend. Compl. ¶ 47.

6.      To successfully plead an erroneous outcome theory of Title IX liability, Plaintiff "must show particular facts sufficient to cast some articulable doubt on the outcome of the disciplinary proceeding and circumstances showing that gender bias was a *motivating factor* behind the erroneous finding."  *Doe v. George Washington Univ.*, 305 F. Supp. 3d 126, 133 (D.D.C. 2018) (citations omitted).  However, allegations of flawed proceedings "combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss." *Robinson v. Howard Univ., Inc.*, 335 F. Supp. 3d 13, 27 (D.D.C. 2018) (citation modified). Plaintiff claims that the University erred in finding Roe not responsible for sexual assault, while finding him responsible, because it credited her testimony that she was impaired by drugs during their encounter and thus unable to consent.  Amend. Compl. ¶ 67.  Even if this determination was "erroneous," nothing about this averment plausibly indicates that gender bias was a "motivating factor" in the same.  *See Robinson*, 335 F. Supp. 3d at 27.

7.      Plaintiff's fourth and final theory of Title IX liability—retaliation—is also insufficient, as he does not adequately plead how or where he "complained of sex discrimination," nor does he allege a connection between any such complaint and allegedly retaliatory activity. *Cavalier v. Cath. Univ. of Am.*, 306 F. Supp. 3d 9, 36 (D.D.C. 2018).

8.      In Count II, Plaintiff alleges Breach of Contract.  To plausibly state a breach of contract claim under District of Columbia law, a plaintiff must plead: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Goddard v. City Univ. of Seattle*, No. 25-cv-1881, 2026 WL 632484,

at *2 (D.D.C. Mar. 6, 2026).  Plaintiff's cited "breaches," however, are investigatory decisions committed to the discretion of University officials under University policy.  *See Nkrumah v. Univ. of Pittsburgh*, No. 19-cv-1180, 2022 WL 1062303 at *13 (W.D. Pa. Apr. 8, 2022).[2]

9.     Count III alleges a Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff offers no additional factual support for Count III and instead refers to his contentions raised in support of his other claims.  This alone is fatal to Count III.  Wa*shington Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*, No. 04-cv-00687, 2006 WL 1147933, at *5.[3]

10.     In Count IV, Plaintiff alleges that the University violated the DCHRA.  Plaintiff attempts to creatively plead this claim by, in effect, arguing that sex discrimination pervaded the University's internal Title IX process, and therefore any disciplinary measures resulting from that process were *ipso facto* discriminatory.  This is untenable.  Plaintiff does not adequately plead Title IX sex discrimination for the reasons noted above, and he similarly cannot claim that the University implemented disciplinary measures due to discriminatory animus.  *See George Washington Univ.*, 305 F. Supp. 3d at 134 (denying preliminary injunction and reasoning that Breach of Contract claim was unlikely to succeed on merits for same reason as Title IX claim was unlikely to succeed).[4]

11.     In considering the foregoing Notice, the University respectfully requests that the Court schedule a Pre-Motion Conference for the purpose of setting a briefing schedule for a Motion to Dismiss Plaintiff's Amended Complaint.

---

[2]     Plaintiff's claim is also vulnerable to dismissal because he did not identify all the contractual provisions that the University allegedly violated during the Title IX proceedings. *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 125 (D.D.C. 2012).

[3]     Plaintiff also does not plausibly allege that the University acted with bad faith, nor in an arbitrary or capricious manner.  *Wright v. Howard Univ.*, 60 A.3d 749, 754 (D.C. 2013).

[4]     The University also plans to argue that Plaintiff's removal from on-campus housing is not covered by the DCHRA.  D.C. Code Ann. § 2-1401.02(30).

Dated: July 17, 2026       Respectfully submitted


/s/ *James A. Keller*

James A. Keller (*Admitted Pro Hac Vice*)
Saul Ewing LLP
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
Tel: (215) 972-7777
james.keller@saul.com


Timothy D. Intelisano (D.C. Bar. No. 90033254)
Saul Ewing LLP
1800 -M- Street, NW, Suie 1000 North
Washington, D.C. 20036
Tel: (202) 295-6615
timothy.intelisano@saul.com

*Attorneys for Defendant American University*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of July 2026, I have electronically filed the foregoing **DEFENDANT AMERICAN UNIVERSITY'S NOTICE OF INTENT TO FILE A MOTION TO DISMISS AND REQUEST FOR PRE-MOTION CONFERENCE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all parties registered to receive CM/ECF notifications.


Dated: July 17, 2026                    */s/ James A. Keller*
                                        James A. Keller

                                        *Defendant American University*

6