**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff*,<br>v.<br>AMERICAN UNIVERSITY,<br>*Defendant*. | No. 25-cv-3866 |

**MEDIATION STANDING ORDER**

This matter has been referred to the Court for mediation. A settlement conference has been scheduled for **Thursday, January 14, 2027, at 10:30 a.m.** Please review this Order carefully as it sets forth numerous obligations on the parties.

Participants Required to Attend Mediation

The settlement conference shall be attended by an authorized representative of each party involved, together with lead trial counsel. It is essential that each party present, or in the case of a corporation, partnership, or government entity, a representative, has complete authority to enter into a binding settlement. A person with complete authority is someone who has full settlement authority without having to consult anyone who is not in attendance. Attendance by the attorney for a party is not sufficient. When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions unless the party requests an exception and the Court grants it for good cause shown. A corporate party shall send a representative with full and complete authority to bind the company unless the Court grants an exception for good cause shown. A governmental entity shall send a representative authorized to act on its behalf.

All required participants should refrain from scheduling other matters or appointments on the date of the mediation, including into the evening. If any party will be traveling to the District of Columbia for the mediation, no return travel plans should be made on the day of the mediation.

Any party seeking an exception to this Order must contact the Court via the law clerk identified below no later than seven days before the scheduled settlement conference. Please note that individuals who are not a party to the case will not be permitted to attend the settlement conference.

Confidentiality

The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d). The American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) which precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Exchange of Offer and Counteroffer

The plaintiff shall submit a written demand to the defendant no later than **two weeks prior to the settlement conference**. The defendant shall submit a written response to the plaintiff within one week of receiving the demand. The demand and response shall be included in the *ex parte* letters submitted to the Court detailed below. Failure to comply with these requirements may result in the postponement of the settlement conference. **This is a not a pro forma step**, but rather a meaningful part of the mediation. As such, the initial demand and counteroffer should reflect the

parties' respective considered positions and good faith efforts at compromise leading into the formal mediation session.

<u>Submission of Confidential Mediation Statements</u>

The parties shall each provide to the Court, *ex parte*, a short confidential mediation statement by close of business no later than **seven days prior to mediation**. The letters will be solely for the Court's use in preparing for the settlement conference. In these statements, the parties must include:

(a) the name, title, and contact information of each person who will be participating in the mediation on behalf of that party and designate which individuals have settlement or negotiating authority;

(b) a <u>**candid**</u> assessment of the major legal and factual issues in the case, including the <u>**strengths and weaknesses**</u> of the claims and/or defenses raised;

(c) if discovery has not been completed, an explanation of whether the exchange of any documents or records prior to mediation would make the mediation session more productive and a description of the nature of any such documents or records;

(d) the potential monetary exposure of any applicable damages and/or attorney's fees claims;

(e) a history of previous settlement negotiations, including the plaintiff's written demand and defendant's counterproposal, detailed above;

(f) an estimate of attorneys' fees and costs of litigation through trial;

(g) the party's ideas on how the case could be resolved at this juncture;

(h) the party's ideas on potential creative approaches to settlement, including any non-monetary terms that may aid in settlement;

(i) any impediments to settlement that the party perceives; and

(j) copies of any cases or exhibits a party would like the Court to review.

The mediation statements should be no longer than ten pages double-spaced and should contain enough information to be useful to the Court in analyzing the factual and legal issues in

the case. The parties are directed to be candid in their mediation statements. The mediation statement should be sent via email to the law clerk identified below. If the mediation statement does not include all items noted above, including a candid assessment of a party's own case weaknesses and risks, the Court will require the party to revise and resubmit the statement before the mediation.

Accommodations

In the event a participant requires any accommodation during mediation, the parties shall notify the Court of that request at least three weeks prior to the mediation. Counsel and parties should be aware that wireless internet service is limited in Judge Upadhyaya's courtroom and jury rooms where the mediation will take place. Accordingly, counsel are permitted to bring a hotspot or similar device. Unless the Court provides other instructions, the settlement conference will take place in Courtroom 5 of the E. Barrett Prettyman United States Courthouse located at 333 Constitution Avenue N.W., Washington, D.C. 20001. The nearest Metro stop is Judiciary Square on the Red Line.

**SO ORDERED.**

Date: September 23, 2026

MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

**Assigned Law Clerk: Jason D'Antonio**
(202) 354-3239; Jason_DAntonio@dcd.uscourts.gov